[Cite as *State v. Mitchell*, 2019-Ohio-844.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

PORTAGE COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2018-P-0047** |
| - vs - | : | |
| JAMES E. MITCHELL, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal from the Portage County Court of Common Pleas, Case No. 1993 CR 0294.

Judgment: Affirmed.


*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*James E. Mitchell*, pro se, PID: #A293-032, Marion Correctional Institution, P.O. Box 57, 940 Marion Williamsport Road, Marion, OH 43302 (Defendant-Appellant).


MARY JANE TRAPP, J.

{¶1} Appellant, James E. Mitchell, appeals from the judgment of the Portage County Court of Common Pleas denying his pro se motion for leave of court to dismiss his indictment. After a careful review of the record and pertinent law, we affirm the trial court's judgment.

## Substantive History and Procedural Background

{¶2} On October 21, 1993, the Portage County Grand Jury indicted Mr. Mitchell for one count of rape pursuant to R.C. 2907.02(A)(2) and (B) and one count of aggravated burglary pursuant to R.C. 2911.11(A)(1)(3) and (B).

{¶3} On February 3, 1994, Mr. Mitchell entered a written guilty plea to one count of gross sexual imposition in violation of R.C. 2907.05(A)(4) and one count of burglary in violation of R.C. 2911.12(A)(1). The trial court sentenced Mr. Mitchell to three to fifteen years in prison for burglary and two years in prison for gross sexual imposition, to be served concurrently.

{¶4} Mr. Mitchell filed a direct appeal, and this court affirmed his conviction in *State v. Mitchell*, 11th Dist. Portage No. 94-P-0070, 1995 WL 411830 (June 23, 1995) ("*Mitchell I*").

{¶5} Over twenty years after his conviction, Mr. Mitchell filed several motions for postconviction relief, all of which the trial court denied. Mr. Mitchell appealed, and this court affirmed in *State v. Mitchell*, 11th Dist. Portage Nos. 2017-P-0007 & 2017-P-0009, 2017-Ohio-8440, *appeal not accepted*, 152 Ohio St.3d 1445, 2018-Ohio-1600 ("*Mitchell II*").

{¶6} On June 12, 2018, Mr. Mitchell filed a pro se motion for leave of court to dismiss his indictment.[1] The state opposed, and the trial court denied the motion without a hearing. Mr. Mitchell now appeals, asserting the following three assignments of error:

{¶7} "[1.] The trial court erred to the prejudice of appellant when it denied the appellant the right to reply to the states [sic] motion in opposition to motion to dismiss.

---

1. Although titled as a "motion for leave of court," Mr. Mitchell's motion sought outright dismissal of the indictment rather than permission to file a motion to dismiss.

2

**{¶8}** "[2.] The trial court erred in denying appellant's motion as his right to a speedy trial was violated.

**{¶9}** "[3.] The trial court erred in denying appellant's motion as his constitutional right not to be held to answer for charges not indicted by grand jury was violated."

## Standard of Review

**{¶10}** The Supreme Court of Ohio has held that "where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997). Since Mr. Mitchell is seeking to vacate has convictions based on a violation of his constitutional rights, his motion is properly construed as a motion for postconviction relief pursuant to R.C. 2953.21. *State v. Gibbs*, 11th Dist. Geauga No. 2014-G-3213, 2014-Ohio-5773, ¶11.

**{¶11}** An appellate court reviews the denial of a motion for postconviction relief for an abuse of discretion. *State v. Adams*, 11th Dist. Trumbull No. 2003-T-0064, 2005-Ohio-348, ¶37. "An abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Cline*, 11th Dist. Geauga No. 2012-G-3101, 2013-Ohio-1843, ¶9, citing *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

## Law and Analysis

### *Jurisdiction*

**{¶12}** We must first consider whether the trial court had jurisdiction to address Mr. Mitchell's motion.

**{¶13}** Pursuant to R.C. 2953.23(A), a trial court is not permitted to consider a second or a successive petition for postconviction relief unless both of the following apply: (1) the petitioner shows he was unavoidably prevented from discovery of the facts upon which he must rely to present his claim for relief, and (2) the petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense for which he was convicted. *State v. Stoutamire*, 11th Dist. Trumbull No. 2009-T-0073, 2010-Ohio-1166, ¶16-20, citing R.C. 2953.23(A)(1)(a) and (b).

**{¶14}** Mr. Mitchell has not asserted that he is able to meet these requirements. Further, since Mr. Mitchell's convictions were the result of a guilty plea, he cannot meet the requirements of R.C. 2953.23(A)(1)(b). *State v. Pough*, 11th Dist. Trumbull No. 2003-T-0129, 2004-Ohio-3933, ¶17. Therefore, Mr. Mitchell has not met the jurisdictional requirements of R.C. 2953.23 to have the trial court consider his motion.

**{¶15}** Even if Mr. Mitchell's motion was properly before us, his assignments of error would be without merit.

### *Due Process*

**{¶16}** In his first assignment of error, Mr. Mitchell argues that because he was not provided an opportunity to file a reply brief to the state's opposition to his motion to dismiss, he was denied due process.

**{¶17}** "Due process generally requires a right to notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *State v. Peacock*, 11th Dist. Lake No. 2002-L-115, 2003-Ohio-6772, ¶55; *See also State v. Hochhausler*, 76 Ohio St.3d 455, 459 (1996). We have previously held that a trial court errs when it issues a

4

judgment entry prior to giving a defendant an opportunity to timely file a reply brief. *See State v. Vernon*, 11th Dist. Lake No. 2006-L-240, 2007-Ohio-3378, ¶20.

{¶18} Crim.R. 52(A), however, entitled "harmless error," provides "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." *Vernon* at ¶20.

{¶19} The courts have provided Mr. Mitchell several meaningful opportunities to be heard in this case. *See Mitchell I* and *Mitchell II*. In addition, given the lack of merit in Mr. Mitchell's second and third assignments of error, the trial court's failure to allow Mr. Mitchell's to file a reply brief to the state's opposition did not affect the outcome of the case and constitutes harmless error. *Vernon* at ¶20, citing *State v. Brown*, 100 Ohio St.3d 51, 2003-Ohio-5059, ¶25.

### *Speedy Trial*

{¶20} In his second assignment of error, Mr. Mitchell claims his right to a speedy trial has been violated. Specifically, Mr. Mitchell notes that the grand jury originally indicted him in 1993 for rape and aggravated burglary, but he ultimately pleaded guilty to gross sexual imposition and burglary. Mr. Mitchell therefore argues his speedy trial rights regarding the charges for rape and aggravated burglary have been violated because those two offenses have never been "adjudicated."

{¶21} Mitchell's argument fails to consider the legal effect of plea agreements under Ohio law. When Mr. Mitchell pleaded guilty to lesser included charges in 1994, he was "terminating the incident and could not be called on to account further on any charges regarding this incident." *State v. Carpenter*, 68 Ohio St.3d 59, 62 (1993). Thus, there are no charges pending. Accordingly, Mr. Mitchell's second assignment of error lacks merit.

5

### *Unindicted Charges*

{¶22}   In his third assignment of error, Mr. Mitchell claims his constitutional right to not be held to answer for unindicted charges has been violated.  Specifically, Mr. Mitchell claims the trial court lacked jurisdiction to accept his guilty pleas to gross sexual imposition and burglary because the grand jury originally indicted him for rape and aggravated burglary.  Mr. Mitchell correctly notes, and the state concedes, that while the trial court's change of plea entry references an "amended" indictment, the trial docket does not reflect an amendment to the indictment.

{¶23}   We must first determine whether the res judicata doctrine bars Mr. Mitchell's third assignment of error.  "In the context of criminal cases, 'a convicted defendant is precluded under the doctrine of res judicata from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on appeal from that judgment.'"  *State v. Dudas*, 11th Dist. Lake No. 2007-L-169, 2008-Ohio-3261, ¶17, quoting *State v. Szefcyk*, 77 Ohio St.3d 93, 96 (1996).  Since Mr. Mitchell could have raised this argument in the direct appeal of his conviction, it is now barred by the res judicata doctrine.

{¶24}   Even if the res judicata doctrine did not bar Mr. Mitchell's third assignment of error, it would lack merit.  Ohio law did not require the state to amend the indictment to include gross sexual imposition and burglary.  Pursuant to R.C. 2945.74 and Crim.R. 31(C), three groups of lesser offenses are considered to be included in an indictment for a charged offense:  (1) attempts to commit the crime charged, if such an attempt is an

6

offense of law, (2) inferior degrees of the indicted offense, or (3) lesser included offenses. *State v. Deem*, 40 Ohio St.3d 205, 208 (1988).

{¶**25**} As the Supreme Court of Ohio has recognized, "when an indictment charges a greater offense, 'the indictment or count necessarily and simultaneously charges the defendant with lesser included offenses as well.'" *State v. Smith*, 121 Ohio St.3d 409, 2009-Ohio-787, ¶15, quoting *State v. Lytle*, 49 Ohio St.3d 154, 157 (1990).

{¶**26**} Burglary is an offense of inferior degree to aggravated burglary. *State v. Menser*, 1st Dist. Hamilton No. C-970562 & C-970578, 1998 WL 654093, *4 (Sept. 25, 1998). Gross sexual imposition is a lesser included offense of rape. *State v. Johnson*, 36 Ohio St.3d 224 (1998), paragraph one of the syllabus. Therefore, such charges were simultaneously charged as part of Mr. Mitchell's indicted offenses. Accordingly, Mr. Mitchell's third assignment of error lacks merit.

{¶**27**} Based on the foregoing, the trial court did not abuse its discretion in denying Mr. Mitchell's pro se motion to dismiss his indictment. The judgment of the Portage County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J.,

MATT LYNCH, J.,

concur.