[Cite as *State v. Mitchell*, 2022-Ohio-1009.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

JAMES E. MITCHELL,

        Defendant-Appellant.

**CASE NO. 2021-P-0062**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 1993 CR 00294

# O P I N I O N

Decided: March 28, 2022
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*James E. Mitchell*, pro se, PID: A293-032, Marion Correctional Institution, 940 Marion-Williamsport Road, P.O. Box 57, Marion, OH 43302 (Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1}   Appellant, James E. Mitchell ("Mr. Mitchell"), appeals from the judgment of the Portage County Court of Common Pleas denying his "motion to vacate void judgment of conviction" with respect to his 1994 convictions for burglary and gross sexual imposition.

{¶2}   Mr. Mitchell raises two assignments of error, contending that the trial court erred by denying his motion because the state could not prove an essential element of gross sexual imposition under R.C. 2907.05(A)(4) and because he received ineffective assistance of trial counsel.

{¶3} After a careful review of the record and the pertinent law, we find that the trial court did not err by denying Mr. Mitchell's "motion to vacate void judgment of conviction" because it was barred by the doctrine of res judicata. The trial court's alleged errors during the 1994 proceedings rendered its judgment voidable, not void. Mr. Mitchell could have raised his present arguments on direct appeal, which he failed to do.

{¶4} Thus, we affirm the judgment of the Portage County Court of Common Pleas.

### Substantive and Procedural History

{¶5} This matter involves Mr. Mitchell's latest attempt to overturn his 1994 convictions.

{¶6} In 1993, the Portage County Grand Jury indicted Mr. Mitchell for rape, an aggravated felony of the first degree, in violation of R.C. 2907.02(A)(2) and (B), and aggravated burglary, an aggravated felony of the first degree, in violation of R.C. 2911.11(A)(1)(3) and (B). Mr. Mitchell initially pleaded not guilty to the charges.

{¶7} In 1994, Mr. Mitchell pleaded guilty to gross sexual imposition, a felony of the third degree, in violation of R.C. 2907.05(A)(4), and burglary, an aggravated felony of the second degree, in violation of R.C. 2911.12(A)(1). The trial court accepted Mr. Mitchell's guilty pleas and referred the matter for a presentence investigation and report.

{¶8} Prior to sentencing, Mr. Mitchell moved to withdraw his guilty pleas. The trial court held a hearing and denied the motion. The trial court sentenced Mr. Mitchell to

2

concurrent prison terms of three to 15 years for burglary and two years for gross sexual imposition.[1]

{¶9} Mr. Mitchell filed an appeal of the trial court's denial of his presentence motion to withdraw his guilty plea. This court affirmed the trial court's judgment in *State v. Mitchell*, 11th Dist. Portage No. 94-P-0070, 1995 WL 411830 (June 23, 1995), *delayed appeal denied*, 160 Ohio St.3d 1495, 2020-Ohio-5634, 159 N.E.3d 274 ("*Mitchell I*").

{¶10} In 2016 and 2017, over twenty years after his convictions, Mr. Mitchell filed several pro se postconviction motions, including a "petition for postconviction relief/motion to withdraw plea"; "motion for appointed counsel"; "motion to disqualify"; "motion for judgment upon multiple claims"; "motion for findings of fact and conclusions;" and "motion for notice of filing of judgment(s)." The trial court denied Mr. Mitchell's motions. This court affirmed the trial court's judgments in *State v. Mitchell*, 11th Dist. Portage Nos. 2017-P-0007 and 2017-P-0009, 2017-Ohio-8440, *appeal not accepted*, 152 Ohio St.3d 1445, 2018-Ohio-1600, 96 N.E.3d 300 ("*Mitchell II*").

{¶11} In 2018, Mr. Mitchell filed a pro se motion to dismiss his indictment, which the trial court denied. This court affirmed the trial court's judgment in *State v. Mitchell*, 11th Dist. Portage No. 2018-P-0047, 2019-Ohio-844, *appeal not accepted*, 156 Ohio St.3d 1445, 2019-Ohio-2498, 125 N.E.3d 926 ("*Mitchell III*").

{¶12} In 2019, Mr. Mitchell filed pro se motions to correct a journal entry, for resentencing, for a final appealable order, and for a corrected sentencing entry, which the

---

1. It appears Mr. Mitchell remains incarcerated for unrelated convictions in Summit County. *See State v. Mitchell*, 9th Dist. Summit No. 17029, 1995 WL 678624 (Nov. 15, 1995) (affirming Mr. Mitchell's convictions for two counts of aggravated burglary, two counts of kidnapping, one count of rape, two counts of attempted rape, and one count of felonious assault).

Case No. 2021-P-0062

trial court denied. We affirmed the trial court's judgment in large part but directed the trial court to issue nunc pro tunc entries pursuant to Crim.R. 36 to correct clerical errors apparent in the record. *See State v. Mitchell*, 11th Dist. Portage No. 2019-P-0105, 2020-Ohio-3417, ¶ 95, *appeal not accepted*, 160 Ohio St.3d 1495, 2020-Ohio-5634, 159 N.E.3d 274 ("*Mitchell IV*"). Relevant here, we ordered the trial court to correct its entries to reflect that Mr. Mitchell pleaded guilty to gross sexual imposition under R.C. 2907.05(A)(4) rather than (A)(1) and delete references to an amended indictment. *Id.* at ¶ 90-91. We cautioned Mr. Mitchell that the nunc pro tunc entries would not create new final orders from which new appeals may be taken. *Id.* at ¶ 92.

{¶13} In 2021, the trial court filed nunc pro entries pursuant to this court's directive. Shortly thereafter, Mr. Mitchell filed a pro se "motion to vacate void judgment of conviction." Mr. Mitchell contended that the trial court lacked subject matter jurisdiction to convict him of gross sexual imposition in violation of R.C. 2907.05(A)(4) because he was not charged with that offense and because the state could not prove an essential element, i.e., that the victim was less than 13 years of age. He further contended that his trial counsel was ineffective for allowing him to plead guilty to that offense.

{¶14} The trial court denied Mr. Mitchell's motion without a hearing, and Mr. Mitchell filed the instant appeal.

{¶15} While this appeal was pending, Mr. Mitchell filed a pro se petition in this court seeking a writ of mandamus compelling the trial court judge to vacate his convictions as void. In *State ex rel. Mitchell v. Pittman*, 11th Dist. Portage No. 2021-P-0072, 2022-Ohio-106 ("*Mitchell V*"), we granted the trial court judge's motion to dismiss because Mr. Mitchell failed to demonstrate a clear legal right to the requested relief. *Id.* at ¶ 12. We

4

found that the common pleas court had subject matter jurisdiction over Mr. Mitchell's felony case; therefore, his convictions were not void and could not be collaterally attacked. *See id.* at ¶ 4.

{¶16} Mr. Mitchell also filed a motion to modify the appellate record and a motion for leave to supplement his appellate brief to assert a third assignment of error, which we have overruled in a separate judgment entry.

{¶17} Mr. Mitchell raises the following two assignments of error:

{¶18} "[1.] The trial court erred denying [sic] appellant's motion as based on offense pleaded, no crime was committed.

{¶19} "[2.] Trial counsel was ineffective in this matter."

{¶20} We address Mr. Mitchell's two assignments of error together.

## Standard of Review

{¶21} We review a trial court's denial of a motion to vacate an allegedly void judgment de novo. *State v. Brown*, 11th Dist. Lake No. 2017-L-038, 2017-Ohio-7963, ¶ 8.

## Law and Analysis

{¶22} Mr. Mitchell's assigned errors involve the substantive merits of his current challenges to his 1994 convictions. However, the preliminary issue is whether Mr. Mitchell was permitted to challenge his 1994 convictions pursuant to a postconviction motion filed nearly 27 years later.

{¶23} The Supreme Court of Ohio has long recognized the finality of a decision rendered by a court that had both subject-matter jurisdiction over the case and personal jurisdiction over the parties. *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784,

5

162 N.E.3d 776, ¶ 16.  The court recently clarified that a void judgment is rendered by a court without jurisdiction.  *Id.* at ¶ 17.  It is a mere nullity and can be disregarded.  *Id.*  It can be attacked in collateral proceedings.  *Id.*  By contrast, a voidable judgment is one pronounced by a court with jurisdiction.  *Id.*  The failure to timely—at the earliest available opportunity—assert an error in a voidable judgment, even if that error is constitutional in nature, amounts to the forfeiture of any objection.  *Id.*  If a judgment is voidable, the doctrine of res judicata bars a party from raising and litigating in any proceeding, except a direct appeal, claims that could have been raised in the trial court.  *Id.* at ¶ 19; *see State v. Perry*, 10 Ohio St.2d 175, 178-179, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶24}  In his "motion to vacate void judgment of conviction," Mr. Mitchell argued that the trial court lacked subject-matter jurisdiction in the underlying case.  In *Mitchell V*, this court determined that Mr. Mitchell's jurisdictional argument was "incorrect as a matter of law."  *Id.* at ¶ 10.

{¶25}  To reiterate, "[s]ubject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case."  *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 23.  A common pleas court has subject-matter jurisdiction over felony cases.  *Id.* at ¶ 25; *see* R.C. 2931.03.  Once a court has acquired jurisdiction of the person and subject matter, every decision thereafter involves the trial court's exercise of jurisdiction.  *See Harper* at ¶ 26.  Subsequent errors in the exercise of its jurisdiction render the trial court's judgment voidable, not void.  *Id.*

{¶26}  Here, the trial court acquired subject-matter jurisdiction over the underlying case upon the filing of the felony indictment.  *Mitchell V* at ¶ 10.  Any subsequent errors

Case No. 2021-P-0062

in the 1994 proceedings did not deprive the trial court of its subject-matter jurisdiction. *Id.*; *see State v. Battin*, 10th Dist. Franklin No. 18AP-402, 2018-Ohio-3947, ¶ 10 ("The fact that [appellant] was not indicted for the offense to which he chose to plead as part of a plea agreement does not render his conviction void or create grounds to vacate his conviction"). Rather, any such errors involved the trial court's *exercise* of its jurisdiction, which rendered its judgment voidable, not void. Mr. Mitchell could have raised his present arguments, including ineffective assistance of trial counsel, on direct appeal in 1994, which he failed to do. Thus, his motion was barred by the doctrine of res judicata.

{¶27} The fact that the trial court issued nunc pro tunc entries in 2021 pursuant to this court's directive in *Mitchell IV* does not preclude the application of the doctrine of res judicata. A nunc pro tunc entry correcting nonsubstantive, clerical errors applies retrospectively to the judgment it corrects and is not a new final order from which a new appeal may be taken. *Id.* at ¶ 92.

{¶28} Accordingly, the trial court did not err in denying Mr. Mitchell's "motion to vacate void judgment of conviction."

{¶29} Mr. Mitchell's first and second assignments of error are without merit.

{¶30} The judgment of the Portage County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, P.J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2021-P-0062