[Cite as *State v. Tenney*, 2024-Ohio-5268.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2024-T-0053 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| MICHAEL RUSSELL TENNEY, | Trial Court No. 2017 CR 00159 |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: November 4, 2024
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael Russell Tenney*, pro se, PID# A704-630, Belmont Correctional Institution, P.O. Box 540, St. Clairsville, OH 43950 (Defendant-Appellant).


MARY JANE TRAPP, J.

{¶1} Defendant-appellant, Michael Russell Tenney ("Mr. Tenney"), pro se, appeals the judgment of the Trumbull County Court of Common Pleas denying his motion for a final appealable order with respect to his 2018 conviction.

{¶2} Mr. Tenney asserts a single assignment of error, contending the trial court erred by denying his motion.

{¶3} After a careful review of the record and pertinent law, we find that the trial court did not err by denying Mr. Tenney's motion for a final appealable order. Mr. Tenney

did not contend in his motion that his 2018 sentencing entry was void. In fact, the governing authority holds that the alleged errors that Mr. Tenney identified did not render the entry void; therefore, Mr. Tenney's arguments were barred by the doctrines of res judicata and the law of the case.

{¶4} Thus, Mr. Tenney's sole assignment of error is without merit, and we affirm the judgment of the Trumbull County Court of Common Pleas.

## Substantive and Procedural History

{¶5} This appeal involves Mr. Tenney's latest attempt to revisit his 2018 conviction.

{¶6} In 2018, a jury found Mr. Tenney guilty of felonious assault (count one) and two counts of endangering children (counts two and three). The trial court merged the three counts and sentenced Mr. Tenney to eight years in prison on count one. Mr. Tenney appealed, and this court affirmed his conviction in *State v. Tenney*, 2019-Ohio-927 (11th Dist.).

{¶7} Mr. Tenney filed successive applications to reopen his direct appeal in 2019 and 2021, which this court overruled. Mr. Tenney appealed the latter order to the Supreme Court of Ohio, which declined jurisdiction. *See State v. Tenney*, 2021-Ohio-4033.[1]

{¶8} In November 2023, Mr. Tenney filed a pro se motion for a final appealable order in the trial court. He argued that the 2018 sentencing entry was not a final appealable order because it did not expressly state the offenses of which he was found

---

1. In 2023, Mr. Tenney filed a mandamus complaint against the trial court judge pursuant to the Public Records Act, which this court subsequently dismissed. *See State ex rel. Tenney v. Rice*, 2023-Ohio-4269.

Case No. 2024-T-0053

guilty. He also alleged a discrepancy between the verdict form and the trial court's judgment on the verdict.

{¶9} In February 2024, Mr. Tenney filed a pro se complaint in this court requesting a writ of procedendo directing the trial court judge to rule on his motion. Later that month, the trial court filed a judgment entry summarily denying Mr. Tenney's motion. This court dismissed Mr. Tenney's procedendo complaint as moot. *See State ex rel. Tenney v. Rice*, 2024-Ohio-1116 (11th Dist.).

{¶10} In April 2024, Mr. Tenney filed in this court a pro se "motion to dismiss for lack of jurisdiction in reg[a]rds to 2018-T-0019." This court, sua sponte, ordered the clerk of courts to strike Mr. Tenney's motion because he failed to serve a copy on appellee, the State of Ohio.

{¶11} In June 2024, Mr. Tenney filed another pro se "motion to dismiss for lack of jurisdiction in regards to 2018-T-0019." He argued that this court lacked jurisdiction over his direct appeal in *Tenney*, 2019-Ohio-927 (11th Dist.), because the trial court's 2018 sentencing entry was not a final appealable order. He also stated that the verdict form for count three indicated that the jury found him guilty of a *third-degree* felony rather than the *second-degree* felony charged in the indictment.

{¶12} We overruled Mr. Tenney's motion. We explained that his appeal concluded in 2019 and that his motion to vacate did not constitute any of the post-judgment motions or applications we are legally permitted to consider under the Rules of Appellate Procedure. In addition, we noted that Mr. Tenney did not assign the alleged errors on direct appeal or in his applications for reopening. Further, due to merger, Mr. Tenney was only "convicted" of count one. *See State v. Whitfield*, 2010-Ohio-2, ¶ 12 ("a

3

'conviction' consists of a guilty verdict *and* the imposition of a sentence or penalty") (Emphasis in original.)

**{¶13}** We subsequently granted Mr. Tenney's motion for leave to file a delayed appeal from the trial court's February 2024 judgment entry.[2] He now raises a single assignment of error:

**{¶14}** "The trial court erred when it denied appellant's motion for a final appealable order."

### Standard of Review

**{¶15}** Mr. Tenney did not identify the statute or procedural rule pursuant to which he filed his motion for a final appealable order. However, Mr. Tenney's motion implicated issues of law, which we review de novo. *See State v. Mitchell*, 2022-Ohio-1009, ¶ 21 (11th Dist.).

### Legal Principles

**{¶16}** The preliminary and dispositive issue in this case is whether Mr. Tenney was permitted to revisit his 2018 conviction through a motion for a final appealable order filed over five years later.

**{¶17}** "A criminal sentence is final upon issuance of a final order." *State v. Carlisle*, 2011-Ohio-6553, ¶ 11. "Crim.R. 32(C) lists the requirements for a valid final judgment in a criminal case. It provides that a judgment must set forth the fact of the conviction, the sentence, the judge's signature, and the time stamp indicating that the clerk entered the judgment in the journal." *State v. Gilbert*, 2014-Ohio-4562, ¶ 8. "[T]he

---

2. This court overruled Mr. Tenney's first motion for a delayed appeal because he failed to comply with App.R. 5(A). *See State v. Tenney*, 2024-Ohio-1652 (11th Dist.).

Case No. 2024-T-0053

purpose of Crim.R. 32(C) is to ensure that a defendant is on notice concerning when a final judgment has been entered and the time for filing an appeal has begun to run." *State v. Lester*, 2011-Ohio-5204, ¶ 10. "Absent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment." *Carlisle* at ¶ 1. This is because "[o]nce a final judgment has been issued pursuant to Crim.R. 32, the trial court's jurisdiction ends." *Gilbert* at ¶ 9.

{¶18} One exception to this general rule is when a sentence is void. "A sentence is void only if the sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused." *State v. Henderson*, 2020-Ohio-4784, ¶ 27. "'Conversely, where a judgment of conviction is rendered by a court having jurisdiction over the person of the defendant and jurisdiction of the subject matter, such judgment is not void, and the cause of action merged therein becomes *res judicata* as between the state and the defendant.'" *State v. Harper*, 2020-Ohio-2913, ¶ 22, quoting *State v. Perry*, 10 Ohio St.2d 175, 178-179 (1967).

**Analysis**

{¶19} We find no error in the trial court's denial of Mr. Tenney's motion. Mr. Tenney did not contend that his sentence was void. In fact, the governing authority holds that the alleged errors Mr. Tenney identified did not render the 2018 sentencing entry void. The Supreme Court of Ohio has held that "the technical failure to comply with Crim.R. 32(C) . . . does not render the judgment a nullity." *State ex rel. DeWine v. Burge*, 2011-Ohio-235, ¶ 19. Rather, the court has "consistently regarded Crim.R. 32(C) errors as clerical mistakes subject to nunc pro tunc correction." *Snead v. Ferenc*, 2014-Ohio-43, ¶ 10. This court has held that an error in a verdict form renders the subsequent

5

Case No. 2024-T-0053

conviction voidable, not void. *Perry v. Sloan*, 2016-Ohio-1605, ¶ 7 (11th Dist.), *aff'd*, 2017-Ohio-1404.

{¶20} Since the 2018 sentencing entry is not void, Mr. Tenney's arguments were barred by the doctrine of res judicata. "[A] convicted defendant is precluded under the doctrine of res judicata from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93, 96 (1996). Mr. Tenney could have raised his arguments on direct appeal, which would have been the proper time and vehicle. He "may not now find his way into court through a side entrance and upon the back of what appears to be a pre-textual motion and appeal therefrom." *State v. Grenter*, 2011-Ohio-6003, ¶ 12 (11th Dist.).

{¶21} Mr. Tenney's Crim.R. 32(C) argument was also barred by the doctrine of the law of the case. That doctrine provides that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). "[T]he rule is necessary to ensure the consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *Id.*

{¶22} Mr. Tenney appealed his conviction, and this court affirmed in *Tenney*, 2019-Ohio-927 (11th Dist.). We also denied his subsequent applications for reopening. Thus, Mr. Tenney and this court have always proceeded under the presumption that the 2018 sentencing entry was a final appealable order. The law of the case doctrine

6

precludes both the trial court and this court from concluding otherwise. *See State v. Mitchell*, 2020-Ohio-3417, ¶ 73 (11th Dist.); *State v. I'Juju*, 2016-Ohio-3078, ¶ 10 (10th Dist.).

**{¶23}** Accordingly, Mr. Tenney's sole assignment of error is without merit.

**{¶24}** For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.

EUGENE A. LUCCI, P.J.,

MATT LYNCH, J.,

concur.

7