[Cite as *State v. Mitchell*, 2025-Ohio-809.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>Plaintiff-Appellee,<br><br>- v -<br><br>JAMES E. MITCHELL,<br><br>Defendant-Appellant. | CASE NOS. 2024-P-0047<br>2024-P-0051<br><br>Criminal Appeals from the<br>Court of Common Pleas<br><br>Trial Court No. 1993 CR 00294 |

**O P I N I O N**

Decided: March 10, 2025
Judgment: Affirmed

*Connie J. Lewandowski*, Portage County Prosecutor, and *Kristina K. Reilly*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*James E. Mitchell*, pro se, PID# A293-032, Marion Correctional Institution, 940 Marion-Williamsport Road, P.O. Box 57, Marion, OH 43301 (Defendant-Appellant).

SCOTT LYNCH, J.

{¶1} Defendant-appellant, James E. Mitchell, appeals from the judgments of the Portage County Court of Common Pleas, denying his motions to dismiss and for a final order. For the following reasons, we affirm the judgments of the lower court.

{¶2} In October 1993, the Portage County Grand Jury indicted Mitchell for Rape, which was an aggravated felony of the first degree, in violation of R.C. 2907.02(A)(2), and Aggravated Burglary, which was an aggravated felony of the first degree, in violation of R.C. 2911.11(A)(1) and (3). In February 1994, Mitchell entered pleas of guilty to Gross Sexual Imposition, a felony of the third degree, in violation of R.C. 2907.05(A)(4), and

Burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(1). The court accepted the guilty pleas.

{¶3} Prior to sentencing, Mitchell filed a Motion to Withdraw Plea, which the trial court denied. In June 1994, the court sentenced Mitchell to concurrent prison terms of three to 15 years for Burglary and two years for Gross Sexual Imposition. Mitchell appealed, arguing error in the denial of his Motion to Withdraw Plea. This court affirmed. *State v. Mitchell*, 1995 WL 411830 (11th Dist. June 23, 1995).

{¶4} Mitchell filed several postconviction motions in 2016 and 2017, raising various arguments including requests for appointed counsel and to withdraw his plea. The trial court denied the motions and its judgments were affirmed on appeal. *State v. Mitchell*, 2017-Ohio-8440 (11th Dist.).

{¶5} In 2018, Mitchell filed a Motion to Dismiss the indictment, which the trial court denied. On appeal, this court rejected his argument alleging a violation of his right to a speedy trial. *State v. Mitchell*, 2019-Ohio-844 (11th Dist.).

{¶6} In 2019, Mitchell filed motions requesting a final order and a corrected sentencing entry. Mitchell argued that a final order was not issued since charges in the indictment remained unresolved. This court held that the doctrines of res judicata and the law of the case barred consideration of this issue. *State v. Mitchell*, 2020-Ohio-3417, ¶ 71-72 (11th Dist.). We also ordered, however, that the lower court issue nunc pro tunc entries to correct clerical errors relating to the improper reference to an amended indictment, incorrect statute number, and failure to state the fact of conviction in the sentencing entry. *Id.* at ¶ 90-91. The court issued such entries in January 2021.

{¶7} Mitchell filed a Motion to Vacate Void Judgment of Conviction in 2021,

2

arguing that the court lacked subject matter jurisdiction in relation to his Gross Sexual Imposition conviction. This court affirmed. *State v. Mitchell*, 2022-Ohio-1009 (11th Dist.).

{¶8} On October 17, 2023, Mitchell filed a Motion for a Final Appealable Order, again arguing that a final order could not have been issued since charges against him remained pending. On December 8, 2023, Mitchell filed a Motion to Dismiss Indictment, arguing there was a violation of his right to a speedy trial due to pending charges. On July 18, 2024, the trial court denied these motions.

{¶9} Mitchell timely appeals and raises the following assignments of error:

{¶10} "[1.] The trial court erred [by] denying Appellant's Motion for a Final Appealable Order."

{¶11} "[2.] The refusal of the trial court to issue a final appealable order is denying the Appellant the right to appeal his conviction and sentence."

{¶12} "[3.] The refusal of the trial court to dismiss pending indicted charges violates Appellant's speedy trial rights."

{¶13} We will address Mitchell's first and second assignments of error jointly since they both relate to the finality of the trial court's judgment. In his first assignment of error, Mitchell argues that there is no final judgment resolving the indicted charges of Rape and Aggravated Burglary. He contends that since he pled guilty to charges not in the indictment, i.e., Gross Sexual Imposition and Burglary, the Rape and Aggravated Burglary charges were never resolved. In his second assignment of error, he argues that the lack of a final order prevented him from appealing his convictions. The State contends these arguments are barred by the doctrines of res judicata and the law of the case. We agree.

{¶14} "Res judicata bars the assertion of claims against a valid, final judgment of

3

conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 2010-Ohio-3831, ¶ 59. Moreover, "'[p]rinciples of res judicata prevent relief on successive, similar motions raising issues which were or could have been raised originally.'" (Citation omitted.) *State v. Hall*, 2011-Ohio-656, ¶ 7 (11th Dist.); *also State v. Bene*, 2020-Ohio-1560, ¶ 14 (11th Dist.) ("[r]es judicata [bars] piecemeal claims in successive postconviction relief petitions . . . that could have been raised, but were not, in the first postconviction relief petition") (citation omitted).

{¶15} The law of the case doctrine provides that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). This rule "is necessary to ensure the consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *Id.*

{¶16} Initially, although Mitchell argues that he was denied the right to appeal his convictions due to the lack of a final order, this is inaccurate. He has pursued numerous appeals and original actions before this court, all stemming from the same convictions. Mitchell has had more than adequate opportunity to seek relief from this court, as evidenced by the proceedings outlined above.

{¶17} Mitchell could have raised the arguments advanced here on direct appeal and has in fact raised them in subsequent appeals, necessitating application of the doctrine of res judicata. He has already advanced the arguments that the charges of Rape and Aggravated Burglary were not disposed of in a final entry in prior appeals in this court. "This court has emphasized that a defendant cannot use motions to reiterate

4

Case Nos. 2024-P-0047, 2024-P-0051

the same points and obtain additional opportunities to appeal." *State v. Feathers*, 2024-Ohio-5373, ¶ 11 (11th Dist.), citing *State v. Sands*, 2021-Ohio-659, ¶ 14 (11th Dist.) ("Sands has repeatedly filed motion after motion in order to obtain final orders from which he can appeal . . . . The purposes of res judicata are to promote finality and judicial economy, principles which are particularly pertinent in the present case, where Sands has filed 13 appeals and 10 original actions . . ., all stemming from the same convictions.").

{¶18} The law of the case doctrine also prevents this court from ruling anew on these issues. This court previously rejected Mitchell's contention that the Rape and Aggravated Burglary charges remained pending in relation to "an alleged violation of his speedy trial rights" since his pleas to lesser charges terminated the indictment. *Mitchell*, 2020-Ohio-3417, at ¶ 74 (11th Dist.), citing *Mitchell*, 2019-Ohio-844, at ¶ 21 (11th Dist.). Thus, his arguments relating to the lack of a final order due to the allegedly pending charges were barred by the doctrine of res judicata and the law of the case. *Mitchell*, 2020-Ohio-3417, at ¶ 70 and 74. While Mitchell argues that res judicata is inapplicable where there is no final order, this court concluded that res judicata applies if a prior appeal was litigated under an allegedly voidable sentencing entry, as was the entry in Mitchell's case. *Id.* at ¶ 46 and 71; *see State v. Harper*, 2020-Ohio-2913, ¶ 18 ("[i]f the entry were merely voidable, res judicata would apply"). Finally, we emphasized that "Mitchell and this court have always proceeded under the presumption that the sentencing entry was a final appealable order" and thus, the law of the case doctrine precludes his argument. *Id.* at ¶ 73; *State v. Tenney*, 2024-Ohio-5268, ¶ 22 (11th Dist.).

{¶19} In his reply brief, Mitchell argues that prior rulings on appeal do not preclude

5

Case Nos. 2024-P-0047, 2024-P-0051

him from raising the present arguments since the trial court issued new judgment entries on January 29, 2021. As outlined above, the trial court issued corrected nunc pro tunc entries pursuant to this court's order on that date to resolve clerical errors. Those corrected errors are unrelated to the issues raised in the present appeals.

{¶20} Further, this court has also rejected a similar argument raised by Mitchell: "The fact that the trial court issued nunc pro tunc entries in 2021 pursuant to this court's directive in *Mitchell IV* does not preclude the application of the doctrine of res judicata. A nunc pro tunc entry correcting nonsubstantive, clerical errors applies retrospectively to the judgment it corrects and is not a new final order from which a new appeal may be taken." *Mitchell*, 2022-Ohio-1009, at ¶ 27 (11th Dist.). The issuance of these corrected entries did not alter this court's past holdings on the issues raised in these appeals and does not preclude application of the doctrines of res judicata and the law of the case.

{¶21} The first and second assignments of error are without merit.

{¶22} In his third assignment of error, Mitchell argues that since he pled guilty to charges not included in the indictment, the offenses charged in the indictment have remained pending for thirty years and his speedy trial rights have been violated.

{¶23} As outlined above, Mitchell did not raise this issue on direct appeal but, nonetheless, it has been addressed by this court in a prior appeal. This court held: "When Mr. Mitchell pleaded guilty to lesser included charges in 1994, he was 'terminating the incident and could not be called on to account further on any charges regarding this incident.' . . . Thus, there are no charges pending." *Mitchell*, 2019-Ohio-844, at ¶ 21 (11th Dist.). In the absence of pending charges, there is no speedy trial violation. The assigned error is barred by the doctrine of res judicata and the law of the case.

6

{¶24} The third assignment of error is without merit.

{¶25} For the foregoing reasons, the judgments of the Portage County Court of Common Pleas, denying Mitchell's motions, are affirmed. Costs to be taxed against appellant.


JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.

Case Nos. 2024-P-0047, 2024-P-0051