[Cite as *State v. Cline*, 2013-Ohio-1843.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-G-3101** |
| JAMES D. CLINE, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 06 C 000035.

Judgment: Affirmed.

*James R. Flaiz*, Geauga County Prosecutor, and *Abbey L. King Mueller*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*John W. Hawkins*, Parkhill Professional Building, 35104 Euclid Avenue, Suite 101, Willoughby, OH 44094 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, James D. Cline, appeals the judgment of the Geauga County Court of Common Pleas denying his petition for postconviction relief. As the petition was untimely without exception and the argument advanced therein barred by res judicata, we affirm the judgment.

{¶2} On March 2, 2006, appellant was driving a Chevrolet Silverado with a suspended license and more than three times the legal limit of alcohol in his system. At

the time, appellant had 11 previous convictions for operating a motor vehicle under the influence of alcohol. A fellow motorist noticed the Silverado's erratic and dangerous movements on the road, and dialed 9-1-1. A Burton police officer responded to the call, located the Silverado, and activated the cruiser's overhead lights in order to initiate a traffic stop. Appellant increased his speed in an effort to evade the officer; in so doing, appellant went left-of-center around a curve, striking a vehicle occupied by three Hiram College students. Two of the students died as a result of the head-on collision, and the third student was severely injured. Appellant escaped with minor injuries.

{¶3} Appellant was indicted on 11 counts. After entering his guilty plea, appellant was sentenced to an aggregate prison term of 38 years on five counts: two counts of aggravated vehicular homicide, first-degree felonies in violation of R.C. 2903.06(A)(1)(a) and (B)(2)(b)(i) (two ten-year consecutive sentences); aggravated vehicular assault, a second-degree felony in violation of R.C. 2903.08(A)(1)(a) and (B)(1)(a) (eight years consecutive); operating a motor vehicle under the influence of alcohol ("OVI"), a fourth-degree felony due to appellant's history in violation of R.C. 4511.19(A)(1)(a) (five years consecutive); and failure to comply with an order or signal of a police officer, a third-degree felony in violation of R.C. 2921.331(B) and (C)(5)(a)(i) (five years consecutive).

{¶4} Appellant appealed, and this court affirmed the conviction in *State v. Cline*, 11th Dist. No. 2006-G-2735, 2007-Ohio-7131, after assessing appellant's guilty plea. Years later, appellant again appealed, asserting his sentence was void. This court, in *State v. Cline*, 11th Dist. Nos. 2010-G-2981 and 2010-G-3000, 2011-Ohio-3890, found appellant's sentence partially void and reversed and remanded the matter for a

2

resentencing hearing so the trial court could properly advise appellant of his post-release control terms.

{¶5} Now, appellant appeals following the trial court's denial of his petition for postconviction relief, filed on July 2, 2012, without a hearing. In his petition before the trial court, appellant argued the crimes of OVI and failure to comply with the signal or order of a police officer are allied offenses of similar import and should have merged for sentencing purposes pursuant to *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314.

{¶6} Accordingly, appellant raises one assignment of error on appeal, which states:

{¶7} The trial court committed prejudicial error when it denied a hearing on the Petition for Post-Conviction Relief under Ohio Revised Code § 2953.21 of Defendant-Appellant effectively denying Defendant-Appellant the benefit of the guarantees of both the 5th and 14th Amendments of the United States Constitution and Section 10, Article 1 Ohio Constitution [sic] regarding Double Jeopardy when the trial court sentenced him to consecutive sentences of: (1) five years in prison for Operating a Motor Vehicle Under the Influence of Alcohol as alleged in Count Five of the indictment; and (2) five years in prison for Failure to Comply with [an] Order or Signal of a Police Officer as alleged in Count Six of the indictment.

{¶8} In his sole assignment of error, appellant argues the trial court erred in denying his postconviction relief petition and in not conducting a hearing on the petition.

As set forth above, appellant's chief contention is that his convictions of OVI and failure to comply with the signal or order of a police officer are allied offenses of similar import which should have merged for sentencing purposes pursuant to *State v. Johnson*, *supra*.

{¶9} This court reviews the dismissal of a postconviction relief petition for an abuse of discretion. *State v. Lesure*, 11th Dist. No. 2006-L-139, 2007-Ohio-4381, ¶10. "[A]n abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting Black's Law Dictionary (8 Ed.Rev.2004) 11.

{¶10} Initially, it must be noted that a postconviction proceeding is a collateral civil attack on a criminal judgment. *State v. Dudley*, 2d Dist. No. 23613, 2010-Ohio-4152, ¶30, citing *State v. Steffen*, 70 Ohio St.3d 399, 410. It is therefore not an appeal of a criminal conviction. *Id.* Consequently, postconviction relief is not a constitutional right, but is instead afforded to a convicted defendant as a statutory remedy. *Id.*, citing *State v. Moore*, 99 Ohio App.3d 748, 751 (1st Dist.1994).

{¶11} "Pursuant to R.C. 2953.21(C), a defendant's petition may be denied without a hearing when the petition, supporting affidavits, documentary evidence, files, and records do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Adams*, 11th Dist. No. 2003-T-0064, 2005-Ohio-348, ¶37.

{¶12} We find the trial court did not abuse its discretion in denying appellant's petition without a hearing because it was untimely without exception and the argument

4

advanced therein was barred by res judicata. Even overlooking these glaring procedural deficiencies, appellant's argument, if reached on the merits, would still fail.

{¶13} Pursuant to R.C. 2953.21(A)(2), where a defendant has filed a direct appeal, a postconviction relief petition "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.]" R.C. 2953.23 provides that "a court may not entertain a petition" filed after this period, subject to only two limited exceptions. Appellant does not argue his case falls into either of these exceptions and, in fact, does not provide any explanation for the tardiness of his motion.

{¶14} In this case, appellant's petition was filed well after the 180-day time-frame and, indeed, does not fall into any of the outlined exceptions. For instance, appellant has not demonstrated he was unavoidably prevented from discovery of the facts upon which he must rely to present his claim for relief, nor is he asserting a constitutional error at trial. R.C. 2953.23(A)(1)(a) & (b). This case additionally does not implicate DNA evidence, the second enumerated exception. R.C. 2953.23(A)(2). Thus, appellant's petition was procedurally time barred without exception.

{¶15} Moreover, postconviction relief is a particularly narrow remedy because the doctrine of res judicata bars any claim that was or could have been raised at trial or on direct appeal. This court has continually held that when an appellant does not raise the issue of allied offenses of similar import in a timely direct appeal, the challenge is barred by the doctrine of res judicata. This is also the law throughout Ohio. *State v. Strickland*, 11th Dist. No. 2012-T-0009, 2012-Ohio-5125; *State v. Dukes*, 11th Dist. Nos. 2011-P-0098 & 2011-P-0099, 2012-Ohio-3033, ¶9; *State v. Cioffi*, 11th Dist. Nos. 2011-

5

T-0072 & 2011-T-0073, 2012-Ohio-299, ¶14; *State v. Britta*, 11th Dist. No. 2011-L-041, 2011-Ohio-6096, ¶17-18; *State v. Hobbs*, 11th Dist. No. 2010-L-064, 2011-Ohio-1298, ¶43. *See also State v. Pound*, 2d Dist. Nos. 24789 & 24980, 2012-Ohio-3392, ¶14; *State v. Rice*, 6th Dist. No. L-12-1127, 2012-Ohio-6250, ¶7; *State v. Goldsmith*, 8th Dist. No. 95073, 2011-Ohio-840, ¶11; *State v. Dodson*, 12th Dist. No. CA2011-02-034, 2011-Ohio-6347, ¶9. Here, if appellant wanted to a raise a *Johnson*-merger challenge, the time to do so would have been during his direct appeal. Accordingly, appellant's argument advanced in his untimely petition is further barred by res judicata.

{¶16} Even overlooking the procedural problems with appellant's petition, his argument still fails. Appellant was sentenced before *Johnson* was decided. As the Second Appellate District has explained, an appellant seeking to challenge his pre-*Johnson* sentencing on the grounds of merger cannot rely on *Johnson*, "because '[a] new judicial ruling may be applied only to cases that are pending on the announcement date. * * * The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies.'" *State v. Parson*, 2d Dist. No. 24641, 2012-Ohio-730, ¶11, quoting *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, ¶6; *see also Pound*, *supra*. This court previously followed this pronouncement in *Dukes* and *Strickland*, *supra*.

{¶17} Assuming *Johnson* was applicable, appellant's argument still fails. Appellant argues the crimes of OVI and failing to comply with the order or signal of a police officer were committed at the same time with the same act. In actuality, appellant entered the roadway with his companion's vehicle while intoxicated following an evening of heavy drinking. Appellant, after embarking on his perilous journey and after being

reported for erratic driving on the roadway, separately elected to increase his speed to evade the pursuing officer. The offenses were not committed by the same conduct, i.e., it was not a single act committed with a single state of mind. *Johnson*, ¶49.

{¶18} Accordingly, appellant's sole assignment of error is without merit.

{¶19} The judgment of the Geauga County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.