[Cite as *State v. Stalnaker*, 2013-Ohio-3479.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2013-L-006** |
| - vs - | : | |
| MICHAEL A. STALNAKER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 03 CR 000650.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Michael A. Stalnaker*, pro se, PID: A464813, Grafton Correctional Institution, 2500 South Avon Belden Road, Grafton, OH 44044 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} This appeal is from a final judgment in a criminal case before the Lake County Court of Common Pleas. Appellant, Michael A. Stalnaker, seeks reversal of the trial court's denial of his motion to "correct" an unlawful sentence. Specifically, he maintains that the trial court should have declared his present sentence void because, at the time of his sentencing, the trial court failed to merge certain offenses as allied offenses of similar import under R.C. 2941.25.

{¶2}　In December 2003, the county grand jury indicted appellant on 5 counts of rape, 6 counts of gross sexual imposition, and 6 counts of furnishing alcohol to a minor. In the ensuing trial, the jury found appellant guilty on all 17 counts. The trial court then sentenced him to an aggregate prison term of 33 years.

{¶3}　Appellant pursued a direct appeal of his convictions to this court. In *State v. Stalnaker*, 11th Dist. Lake No. 2004-L-100, 2005-Ohio-7042, we affirmed the convictions and the imposed sentence in all respects. In regard to his sentence, although appellant contended that the trial court failed to follow the correct procedure for imposing prison terms longer than the statutory minimum, he never asserted any arguments concerning the "merger" issue.

{¶4}　After the issuance of our opinion, this court certified a conflict to the Ohio Supreme Court as to the constitutionality of judicial fact-finding during the imposition of sentence. Appellant also submitted a separate notice of appeal to the Supreme Court. However, after ruling on the issue of judicial fact-finding in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court dismissed both the certified question and appellant's separate appeal. *State v. Stalnaker*, 109 Ohio St.3d 1420, 2006-Ohio-1967; *State v. Stalnaker*, 109 Ohio St.3d 1427, 2006-Ohio-1967.

{¶5}　One year after the end of the Supreme Court proceedings, appellant filed a federal habeas corpus action. In *Stalnaker v. Bobby*, 589 F.Supp.2d 905 (N.D.Ohio 2008), the district court held that appellant's constitutional rights were violated when the trial court engaged in improper judicial fact-finding as part of its determination to impose prison terms longer than the statutory minimum. In light of this holding, appellant's case was remanded to the trial court for resentencing. Upon conducting a new sentencing

hearing, the trial court rendered a new final judgment sentencing appellant again to an aggregate prison term of 33 years.

{¶6} Appellant pursued a second appeal to this court, raising five assignments as to the propriety of his new sentence. Again, none of them addressed the question of whether the trial court committed plain error when it did not merge any of the 17 crimes as allied offenses of similar import. Upon due consideration, this court upheld the sentence in all respects. *State v. Stalnaker*, 11th Dist. Lake No. 2009-L-039, 2009-Ohio-5215.

{¶7} Over the next three years, appellant submitted a series of post-judgment motions, all of which were denied by the trial court. In the last of these motions, filed in November 2012, he moved the court to "correct" his sentence on the grounds that it was unlawful under R.C. 2941.25. Specifically, appellant argued that his sentence must be declared void because, prior to imposing the separate prison terms, the trial court failed to merge the multiple offenses of rape and gross sexual imposition. According to him, the crimes of rape and gross sexual imposition were allied offenses of similar import.

{¶8} After the state filed its response, the trial court rendered its final judgment denying the motion to correct the illegal sentence. As the primary basis for its decision, the trial court concluded that appellant was barred under res judicata from asserting the "merger" issue in a post-judgment motion because such an issue could have been, but was not, raised on direct appeal.

{¶9} In appealing the denial of his post-judgment motion, appellant raises one assignment of error for review:

{¶10} "The trial court erred by denying the defendant's sentence is unauthorized

3

by law, voidable, prohibited by law, and the sentence must be vacated."

{¶11} In challenging the trial court's "res judicata" analysis, appellant maintains that when a trial court fails to follow R.C. 2941.25 and merge allied offenses of similar import, the judge has acted beyond the scope of his inherent power, thereby rendering the imposed sentence void. Based upon this, he argues that the doctrine of res judicata is inapplicable to the trial court's sentencing judgment, and that he was free to contest the legality of his sentence at any time after its issuance. Accordingly, appellant submits that the merits of his "merger" argument were properly before the trial court in his post-judgment motion to correct the sentence.

{¶12} As the trial court aptly noted in the appealed judgment, the issue of when a criminal defendant can assert an "allied offenses" argument has been before this court on multiple occasions over the past few years. In each case, we have expressly held that the doctrine of res judicata bars a defendant from asserting the "merger" issue in a post-judgment motion for resentencing; i.e., the lack of merger must be contested in a direct appeal from the final sentencing judgment. *See, e.g., State v. Cline*, 11th Dist. Geauga No. 2012-G-3101, 2013-Ohio-1843; *State v. Simmons*, 11th Dist. Lake No. 2012-L-025, 2012-Ohio-4470; *State v. Britta*, 11th Dist. Lake No. 2011-L-041, 2011-Ohio-6096.

{¶13} Pursuant to the foregoing line of cases, a trial court does not exceed the scope of its jurisdiction or inherent authority when it fails to properly apply R.C. 2941.25 in determining whether to merge allied offenses of similar import; instead, such an error is only invalid or erroneous. *Britta*, *supra*, at ¶14-15. As a result, the existence of this type of error only renders the final sentencing judgment voidable, not void. *Simmons*,

4

*supra*, at ¶19. In turn, this means that when a defendant "does not raise the issue of allied offenses of similar import in a timely direct appeal, the challenge is barred by the doctrine of res judicata." *Cline*, *supra*, at ¶15.

{¶14} Although not cited in any of the foregoing precedent, one exception to the "direct appeal" rule does exist. In most criminal cases in which multiple offenses could be subject to merger under R.C. 2941.25, the record will contain a sufficient delineation of the underlying facts to enable the appellate court to determine if any allied offenses were committed separately or with a separate animus. This is especially true when the defendant's case has gone to trial. However, there are also some situations where the trial record will not be adequate to enable the appellate court to properly review the "merger" issue on direct appeal. This type of situation is most likely to occur when the defendant's conviction is based upon a guilty or no contest plea.

{¶15} In the latter scenario, since the defendant's "merger" argument is based upon facts or information that is "outside" the record, he will only be able to prevail on the issue if he has an opportunity to present evidence regarding the nature of the allied offenses. Under such circumstances, the defendant's sole proper remedy would be a petition for postconviction relief pursuant to R.C. 2953.21, in which he could argue that he was denied his constitutional right to effective assistance of trial counsel as a result of the failure to raise the "merger" issue. *See, generally, State v. Blankenburg*, 12th Dist. Butler No. CA2012-04-088, 2012-Ohio-6175, ¶11 (the doctrine of res judicata does not apply when a claim for postconviction relief is predicated upon evidence outside the trial record). Once the necessary evidentiary record has been made, the defendant would be able to obtain proper appellate review of the "merger" issue if the trial court

denies the petition for postconviction relief.

{¶16} Even when this exception to the "direct appeal" rule is applicable, though, the trial court's final sentencing judgment would still not be void because the alleged "merger" error would still be non-jurisdictional in nature. Furthermore, R.C. 2953.21(A) provides that a postconviction petition must typically be filed in the trial court within 180 days of the filing of the trial transcript during the direct appeal from the conviction. As a result, the "merger" issue must be asserted almost immediately after the issuance of the sentencing judgment, either in a direct appeal or a timely postconviction petition.

{¶17} In arguing that an error in the merger of allied offenses renders a sentence void, appellant cites the decision of the Supreme Court of Ohio in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. However, although the *Fischer* opinion has a lengthy discussion regarding the legal distinction between void and voidable, the *Fischer* court only applied its analysis to the statutory notification requirements of post-release control obligations. Appellant has failed to cite any decision in which the Ohio Supreme Court has expressly held that an error as to the merger of allied offenses renders a sentencing judgment void. Moreover, as this court specifically noted in *Cline*, *supra*, at ¶15, at least four other Ohio appellate districts have similarly concluded that the "merger" issue must typically be contested in a direct appeal from the final sentencing judgment.

{¶18} In this case, despite the fact that appellant brought an immediate appeal of his conviction in 2004, he never argued that any of the 17 counts should have been merged for purposes of sentencing. Additionally, he never filed a timely petition for postconviction relief. Therefore, the doctrine of res judicata bars his ability to litigate the issue in any future proceeding. That is, since any error in the merger of offenses under

6

R.C. 2941.25 would not have the legal effect of rendering his entire sentence void, he could not raise the issue in a post-judgment motion to vacate or correct.

{¶19} Given that the denial of appellant's motion to correct his sentence was justified under this court's existing case law, his sole assignment lacks merit. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.