[Cite as *State v. Zakrajsek*, 2018-Ohio-1885.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-A-0033** |
| FRANK W. ZAKRAJSEK, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Court of Common Pleas, Case No. 2013 CR 00210.

Judgment: Appeal dismissed.

*Nicholas Iarocci,* Ashtabula County Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Frank W. Zakrajsek,* pro se, PID: A652-380, Marion Correctional Institution, P.O. Box 57, Marion, OH 43301 (Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1}    Appellant, Frank W. Zakrajsek, filed a pro se appeal on March 26, 2018, from a March 12, 2018 judgment entry of the Ashtabula County Court of Common Pleas denying his motion for judicial release under R.C. 2929.20.

{¶2}    Pursuant to Article IV, Section 3(B)(2), of the Ohio Constitution, appellate courts have jurisdiction to review, affirm, modify, or reverse judgments or final orders from

courts of record inferior to the court of appeals and from final orders or actions of administrative officers or agencies.

{¶3} In *State v. Coffman,* 91 Ohio St.3d 125, 126 (2001), the Supreme Court of Ohio expressly held that "a trial court's denial of a motion for shock probation is never a final appealable order." In addition, appellate courts in Ohio that have addressed the issue after *Coffman* have held that the same logic is applicable to a denial of a motion for judicial release since it mirrors shock probation. *State v. Schrock*, 11th Dist. Portage No. 2016-P-0078, 2017-Ohio-2723, ¶ 3; *State v. Woods*, 141 Ohio App.3d 549, 550 (2001); *State v. Williams,* 10th Dist. Franklin No. 07AP-1035, 2008-Ohio-1906, at ¶ 9; *State v. Mayle,* 5th Dist. Morgan Nos. 07-CA-0006 and 07-CA-0007, 2008-Ohio-3761, at ¶ 13; *State v. Greene,* 2d Dist. Greene No. 02-CA-17, 2002-Ohio-2595, at ¶ 6. Since there is no right to judicial release, the denial of a motion for judicial release cannot affect a "substantial right" as that term is defined in R.C. 2505.02(A)(1).

{¶4} Therefore, this appeal is hereby dismissed, sua sponte, for lack of a final appealable order.

{¶5} Appeal dismissed.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

2