[Cite as *State v. Miller*, 2025-Ohio-4639.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-P-0025 |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| CHRISTOPHER A. MILLER, | Trial Court No. 2011 CR 00768 |
| Defendant-Appellant. | |

## OPINION AND JUDGMENT ENTRY

Decided: October 6, 2025
Judgment: Affirmed

*Connie J. Lewandowski*, Portage County Prosecutor, and *Kristina K. Reilly*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Christopher A. Miller*, pro se, PID #A624-162 Southern Ohio Correctional Facility, P.O. Box 45699, Lucasville-Minford Road, Lucasville, OH 45699 (Defendant-Appellant).


EUGENE A. LUCCI, J.

{¶1} Appellant, Christopher A. Miller, appeals the judgment denying his "motion for modification of sentence." The judgment is affirmed.

{¶2} In April 2012, Miller pleaded guilty to one count of aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(1), with an accompanying firearm specification; one count attempted murder, a felony of the first degree, in violation of R.C. 2923.02, 2903.02(A), and 2929.02, with an accompanying firearm specification; and one count of failure to comply, a felony of the third degree, in violation of R.C. 2921.331. He

was sentenced to an aggregate term of 23 years of imprisonment. Miller did not file a direct appeal from the entry on conviction.

{¶3} On January 10, 2022, Miller filed a petition for postconviction relief. In the petition, he claimed that he experienced ineffective assistance of counsel because counsel allowed an "incompetent defendant to proceed in trial." Miller asserted he suffered from various mental illnesses, and counsel did not conduct an investigation into his purported problems. The State sought dismissal of the petition and, on February 14, 2022, the trial court found the petition untimely. Because Miller did not set forth any exception(s) permitting the filing of an untimely petition, the filing was dismissed. No appeal was taken from this judgment.

{¶4} On June 3, 2022, Miller filed a second petition for postconviction relief. The State opposed the petition and again sought dismissal. The trial court also dismissed this filing as untimely.

{¶5} Finally, on December 23, 2024, Miller filed the underlying "motion for modification of sentence." In this motion, Miller asserted he received ineffective assistance of counsel alleging: (1) the evidence was insufficient to support his conviction; (2) his plea deal was coerced; (3) he received a disproportionate sentence compared to his co-defendant; (4) counsel lied to him allegedly asserting he would receive judicial release after "a few years"; (5) counsel did not obtain a mental health evaluation; (6) counsel advised him that his sentences would run concurrently, not consecutively; and (7) counsel was working with the State to obtain his conviction.

{¶6} Miller additionally asserted in his motion he suffered from childhood trauma and had mental health and substance abuse issues. As a result, he claimed his sentence

was unlawful. Miller also claimed his sentence "is the epitome of racism," and, because he has completed over "20 classes and programs" his sentence should be modified.

{¶7} The trial court construed the December 23, 2024 motion as a motion for judicial release and, on December 26, 2024, the motion was denied. Miller now appeals that judgment assigning the following as error:

> [1.] The trial court abused its discretion in denying his sentence without granting an evidentiary hearing because the trial court's findings of fact were not supported by competent, credible evidence, in violation of appellant's right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution. The trial court abused its discretion in denying appellant's petition for postconviction relief without an evidentiary hearing.
>
> [2.] Appellant was denied the effective assistance of trial counsel. Appellant was prejudiced by his counsel's performance.

{¶8} Initially, the trial court construed Miller's filing as a motion for judicial release. To the extent this construction was appropriate, Miller's order is neither final nor appealable. In *State v. Weir*, 2022-Ohio-330, ¶ 2-3 (11th Dist.), this court observed:

> In *State v. Coffman,* 91 Ohio St.3d 125, 126 (2001), the Supreme Court of Ohio held that the denial of a motion for shock probation under the former R.C. 2947.061 is never a final appealable order. The General Assembly replaced shock probation with judicial release, effective July 1, 1996.
>
> Ohio courts have held that the same logic regarding finality applies to the denial of a motion for judicial release. The denial of a motion for judicial release cannot affect a "substantial right" as that term is defined in R.C. 2505.02(A) because the trial court judge has full discretion whether to grant or deny judicial release. It is simply not a final appealable order. *State v. Cruz,* 8th Dist. Cuyahoga No. 109770, 2021-Ohio-947; *State v. Zakrajsek*, 11th Dist. Ashtabula No. 2018-A-0033, 2018-Ohio-1885; *State v. Williams,* 8th Dist. Cuyahoga No. 95359, 2011-Ohio-120, at ¶ 10-11; *State v. Ingram,* 10th

Dist. Franklin No. 03AP-149, 2003-Ohio-5380, ¶ 6-7; *State v. Burgess,* 2d Dist. Greene No. 01-CA-87, 2002-Ohio-2594.

{¶9} To the extent Miller's motion is a motion for judicial release, his appeal is improper and must be dismissed. Assuming, however, Miller's motion is a successive petition for postconviction relief, we conclude the trial court properly denied the motion.

{¶10} R.C. 2953.23 provides, in relevant part:

> (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
>
> (1) Both of the following apply:
>
> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted . . . .[1]

{¶11} Accordingly, a defendant must establish that (1) a new federal or state right has been recognized or that he or she was unavoidably prevented from the discovery of facts upon which the successive petition for postconviction relief is premised *and* (2) he or she would not have been convicted in the trial court by a reasonable factfinder but for

---

1. Subsection (A)(2) addresses DNA evidence that establishes, by clear and convincing evidence, actual innocence. Miller does not contend any exculpatory DNA evidence was discovered and therefore that subsection does not apply to the instant matter.

the constitutional error. These two prongs are framed in the conjunctive and therefore both must be met.

{¶12}   "[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." *State v. Apanovitch*, 2018-Ohio-4744, ¶ 36; *see also State v. Noling*, 2008-Ohio-2394, ¶ 37 (11th Dist.)

{¶13}   Further, and notwithstanding the foregoing jurisdictional point, the doctrine of "[r]es judicata applies to any claim that was raised or could have been raised in a prior petition for postconviction relief." (Citation omitted.) *State v. Clemmons*, 2019-Ohio-2997, ¶ 25 (2d Dist.); *see also Coulson v. Coulson*, 5 Ohio St.3d 12, 13 (1983) ("'[P]rinciples of res judicata prevent relief on successive, similar motions raising issues which were or could have been raised originally'" (Quoting *Brick Processors, Inc. v. Culbertson*, 2 Ohio App.3d 478 (8th Dist. 1981)). "'Res judicata' means that a final decision has previously been made . . . [and] serves to preclude a party who had his or her day in court from seeking a second hearing on the same issue." (Citations omitted.) *Clemmons* at ¶ 25. Thus, res judicata operates to "'bar raising piecemeal claims in successive postconviction relief petitions . . . .'" *State v. Lawson*, 2014-Ohio-3554, ¶ 53 (12th Dist.), quoting *State v. Johnson*, 2013-Ohio-1398, ¶ 47 (5th Dist.).

{¶14}   As noted above, Miller did not file a direct appeal from his conviction. As a result, his claims based upon the evidential sufficiency, the alleged disproportionate nature of his sentence, and any alleged mitigating sentencing factor relating to childhood trauma, mental health issues, and/or substance abuse issues are barred by res judicata.

Case No. 2025-P-0025

{¶15} Moreover, Miller had previously raised trial counsel's alleged ineffectiveness in his 2022 petition, which was deemed untimely and not appealed. And, even if his arguments relating to counsel's ineffectiveness and/or alleged racism pertaining to his sentence were not barred by res judicata, Miller does not allege the recognition of a new federal or state right that might support his petition. Further, he fails to establish he was unavoidably prevented from discovering the facts upon which the successive petition is premised. These points are sufficient to affirm the trial court's judgment based on a lack of jurisdiction under R.C. 2953.23(A)(1) (we need not address R.C 2953.23(A)(1)(b) because Miller failed to meet R.C. 2953.23(A)(1)(a)).

{¶16} Based on our conclusion that the trial court did not have jurisdiction to entertain Miller's successive petition pursuant to R.C. 2953.23(A)(1), it follows that the trial court did not err in failing to conduct a hearing prior to denying the petition. *Noling*, 2008-Ohio-2394, at ¶ 102 (11th Dist.). "A trial court may also dismiss a petition for postconviction relief without holding an evidentiary hearing when the claims raised in the petition are barred by the doctrine of res judicata." *State v. Adams*, 2005-Ohio-348, ¶ 38 (11th Dist.).

{¶17} Miller's assignments of error are without merit.

{¶18} The trial court's judgment is affirmed.


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2025-P-0025

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
JUDGE EUGENE A. LUCCI

_____
JUDGE MATT LYNCH,
concurs

_____
JUDGE JOHN J. EKLUND,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-P-0025