[Cite as *State v. Campbell*, 2026-Ohio-1228.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>            Plaintiff-Appellee,<br><br>- vs -<br><br>TODD D. CAMPBELL, SR.,<br><br>            Defendant-Appellant. | **CASE NO. 2025-L-126**<br><br>Civil Appeal from the<br>Court of Common Pleas<br><br>Trial Court No. 2021 CR 001156 |

## OPINION AND JUDGMENT ENTRY

Decided: April 6, 2026
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Todd D. Campbell, Sr.*, pro se, PID# A792-203, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Defendant-Appellant).

MATT LYNCH, P.J.

{¶1} Appellant, Todd D. Campbell, Sr., appeals the Lake County Court of Common Pleas' judgment, denying his "notice for post conviction relief of innocence to correct manifest of injustice of defendant Todd D. Campbell." We affirm the judgment.

{¶2} In April 2022, Campbell pleaded guilty to one count of aggravated vehicular homicide, a felony of the second degree, in violation of R.C. 2903.06(A)(1)(a), and one count of operating a vehicle under the influence of alcohol, a drug of abuse or a combination of them ("OVI"), a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(a). Prior to sentencing, after obtaining new counsel, Campbell filed a

motion to withdraw his guilty plea. The State of Ohio responded in opposition, a hearing was held, and the trial court denied the motion. In June 2022, Campbell was sentenced to a mandatory indefinite prison term of a minimum of five years up to a maximum of seven and one-half years on the aggravated vehicular homicide charge and a term of 180 days on the OVI charge, to be served consecutively. The court also imposed a mandatory fine of $525.00 and suspended Campbell's driver's license for life.

{¶3} Campbell filed a direct appeal from his convictions, and this court appointed new counsel to represent him for purposes of appeal. On appeal, Campbell argued the trial court erred when it denied Campbell's presentence motion to withdraw his guilty plea. *State v. Campbell*, 2023-Ohio-1626, ¶ 10 (11th Dist.). This court affirmed the trial court's judgment. *Id*. at ¶ 18. We stated:

> On appeal, Campbell asserts that he presented a reasonable and legitimate reason for withdrawing his guilty plea, particularly in light of the factors commonly applied in analyzing this issue. In particular, he emphasizes that trial counsel failed to perform competently by not retaining an accident reconstruction expert and by filing a motion to suppress that was meritless and/or immaterial; he had suffered a traumatic brain injury and smoked marijuana before entering his plea; his Motion was filed within a reasonable time; there were no witnesses that he was driving the ATV; and the State would suffer no prejudice by granting the Motion.
>
> The weight and relevance of these considerations are dubious. The trial court found counsel's decision not to retain an expert to be reasonable[,] and no substantive argument has been advanced that calls this finding into question. The relative merits of the motion to suppress that was filed on Campbell's behalf did not have any evident bearing on his decision to plead guilty. At the plea hearing, the trial court asked Campbell if the marijuana or his other psychiatric medications impacted his ability to understand or appreciate the proceedings and he replied that they did not. Trial counsel advised the court that she did not believe that he was under the influence or incapable of making rational decisions: "he's appeared in this manner to me every time I've met with him and if anything . . . he's probably had a greater understanding today than at . . . some of our earlier meetings and earlier discussions." [*See State v.*] *Barnes*[, 2022-Ohio-4486,] ¶ 22 (the trial court's denial of the defendant's motion to withdraw his guilty plea was

upheld when the defendant asserted that his antianxiety medication rendered his plea unknowing, unintelligent, and involuntary) (citation omitted). As to whether he was driving the ATV, Campbell had no independent recollection.

The fundamental defect in Campbell's Motion to Withdraw is the one identified by the trial court: his reason for wanting to withdraw his plea is a change of heart and that is not a legitimate reason for doing so, even when the motion is made before sentencing. Here, Campbell cites several factors that could support the withdrawal of his plea but fails to articulate a compelling reason for wanting to do so. Campbell was fully aware of the circumstances regarding his case when he entered his plea and those circumstances remained thus at the time he moved to withdraw that plea. The only apparent motivation for desiring to withdraw the plea from the record before this court is that Campbell changed his mind in favor of going to trial. It is no abuse of discretion for a trial court to find such justification insufficient to merit the withdrawal of a plea. *State v. Silver*, 2023-Ohio-451, ¶ 6 (8th Dist.); *State v. Depetro*, 2022-Ohio-2249, ¶ 8 (9th Dist.); *State v. Garcia*, 2021-Ohio-4480, ¶ 33 (11th Dist.).

*Campbell* at ¶ 14-16 (11th Dist.).

{¶4}　On May 31, 2024, Campbell filed a pro se "motion to vacate guilty pleas to correct manifest injustice and declare innocence of defendant, Todd D. Campbell." He filed a duplicate motion on June 11, 2024. In the motions, Campbell claimed that he received ineffective assistance of counsel due to multiple alleged discovery issues and alleged evidence tampering by the State of Ohio. He requested the trial court permit him to withdraw his guilty pleas. The trial court denied these motions on July 11, 2024. No appeal was taken from this judgment.

{¶5}　On May 2, 2025, Campbell filed the underlying "notice for post conviction relief," again raising several issues related to ineffectiveness of counsel, including alleged discovery violations and tampering with evidence, along with issues involving his competency. Campbell requested the trial court vacate the judgment of conviction in this case and order a new trial. The State of Ohio responded in opposition, arguing that

Case No. 2025-L-126

Campbell's arguments were barred by the doctrine of res judicata. Campbell filed a reply brief. The trial court did not hold a hearing.

{¶6} The trial court construed the May 2, 2025 filing as a petition for postconviction relief and, on October 1, 2025, denied the petition. The court determined that the petition was untimely filed and did not satisfy either statutory exception that would permit the court to consider the merits of the untimely filed petition. The trial court further determined that the claims Campbell raised were barred by the doctrine of res judicata. Campbell now appeals that judgment.

{¶7} "A postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment. Postconviction review is a narrow remedy, since *res judicata* bars any claim that was or could have been raised at trial or on direct appeal." (Citations omitted.) *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). "The doctrine of res judicata precludes a convicted defendant 'from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised' at trial or on direct appeal." *State v. Hatton*, 2022-Ohio-3991, ¶ 22, quoting *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus.

{¶8} Except as provided in R.C. 2953.23, a petition for postconviction relief must be filed no later than 365 days after the date on which the trial transcript is filed in the court of appeals where a direct appeal was taken from the judgment of conviction. R.C. 2953.21(A)(2). "Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section . . . unless division (A)(1) or (2) of

Case No. 2025-L-126

this section applies." R.C. 2953.23(A). Division (A)(2) of R.C. 2953.23 involves DNA testing, the results of which establish, by clear and convincing evidence, actual innocence. Division (A)(1) of R.C. 2953.23 requires both of the following:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted . . . .

These two prongs are framed in the conjunctive and therefore both must be met. *State v. Miller*, 2025-Ohio-4639, ¶ 11 (11th Dist.). Accordingly, under division (A)(1), the petitioner must establish that (1) a new federal or state right has been recognized or that he was unavoidably prevented from the discovery of facts upon which the untimely petition for postconviction relief is premised *and* (2) he would not have been convicted in the trial court by a reasonable factfinder but for the constitutional error. *Id*.

{¶9} "[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely . . . postconviction petition." *State v. Apanovitch*, 2018-Ohio-4744, ¶ 36; *see also State v. Noling*, 2008-Ohio-2394, ¶ 37 (11th Dist.). "'[T]he question whether a court of common pleas possesses subject-matter jurisdiction to entertain an untimely petition for postconviction relief is a question of law, which appellate courts review de novo.'" *Id*. at ¶ 24, quoting *State v. Kane*, 2017-Ohio-7838, ¶ 9 (10th Dist.).

Case No. 2025-L-126

{¶10}   The transcripts were filed in Campbell's direct appeal from the judgment of conviction on August 16, 2022.  Campbell filed his petition for postconviction relief on May 2, 2025, after the expiration of the 365-day period in R.C. 2953.21.   The trial court therefore determined that Campbell's petition was untimely filed and, further, that neither exception in R.C. 2953.23(A) applies to Campbell's petition.  Specifically, the court found the following: "Defendant makes no claim, nor has he provided any evidence, that this [DNA testing] exception would apply"; "Defendant's claim is based upon facts and law that were available to him, and that could have been raised in the trial court and/or on direct appeal"; and "Defendant has not demonstrated by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the Defendant guilty of the offenses of which he was convicted."

{¶11}   From this judgment, Campbell submits 14 "assignments of error" for our review.  The first 12 of these assignments of error are the identical arguments he raised in his postconviction petition, addressing instances of ineffective assistance of counsel he believes have occurred over the course of the litigation.   In the remaining two assignments of error, Campbell alleges that his former public defender and the trial court withheld discovery from him until after the 365-day filing period, "as they knew the defendant would have found the wrongs in what the courts did."

{¶12}   It is the appellant's burden to affirmatively demonstrate error on appeal. *See Tally v. Patrick*, 2009-Ohio-1831, ¶ 22 (11th Dist.); *see also Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980) ("an appellant bears the burden of showing error by reference to matters in the record").  Campbell has not, however, framed any of his assignments of error in terms of how the trial court erred in denying his May 2, 2025

petition for postconviction relief.  Thus, Campbell has not demonstrated any error with respect to the entry that he appealed, and his assignments of error are overruled.

{¶13}  The trial court's judgment is affirmed.


EUGENE A. LUCCI, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-L-126

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit.  It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

PRESIDING JUDGE MATT LYNCH

JUDGE EUGENE A. LUCCI,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.