[Cite as *State v. Mehring*, 2026-Ohio-1511.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-P-0045 |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the<br>Court of Common Pleas |
| AUSTIN A. MEHRING, | |
| Defendant-Appellant. | Trial Court No. 2021 CR 00877 |

---

## OPINION AND JUDGMENT ENTRY

Decided: April 27, 2026
Judgment: Affirmed

---

*Connie J. Lewandowsi*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Austin A. Mehring*, pro se, 840 Medford Road, Cleveland Heights, OH 44121 (Defendant-Appellant).


ROBERT J. PATTON, J.

{¶1}     Defendant-appellant, Austin A. Mehring ("Mehring"), appeals from the judgment of the Portage County Court of Common Pleas denying his successive post-conviction petition without a hearing. For the following reasons, we affirm.

{¶2}     On appeal, Mehring asserts that the trial court erred when it denied his successive post-conviction petition without hearing. Upon review, we conclude that the trial court was without jurisdiction to consider Mehring's successive post-conviction petition as Mehring failed to satisfy R.C. 2953.23(A). Additionally, the claims raised in

Mehring's petition were barred by the doctrine of res judicata. As such, the trial court did not err by denying Mehring's petition for post-conviction relief without hearing.

{¶3} Accordingly, we affirm the judgment of the Portage County Court of Common Pleas.

**Substantive and Procedural Facts**

{¶4} On September 16, 2021, the Portage County Grand Jury returned a four-count indictment charging Mehring with one count of aggravated burglary, a felony of the first degree, in violation of R.C. 2911.01 ("Count 1"), two counts of felonious assault, felonies of the second degree, in violation of R.C. 2903.11 ("Counts 2 and 3"); and one count of assault, a misdemeanor of the first degree, in violation of R.C. 2903.13 ("Count 4"). Counts 2, 3, and 4 involved different victims, R.M., J.L., and A.R., respectively.

{¶5} Mehring pleaded not guilty at arraignment on September 20, 2021. The bond set by the municipal court in Portage County Municipal Court Case No. 2021 CRA 01377K was transferred to the court of common pleas and continued.[1] As a condition of bond, Mehring was ordered to have no contact with the victims and undergo weekly random substance abuse testing.[2]

{¶6} On May 24, 2022, Mehring appeared before the court with counsel and entered a plea of guilty to Counts 2 and 3, as amended to aggravated assault, fourth-degree felonies, and to Count 4, assault, a first-degree misdemeanor. The State entered a nolle prosequi on Count 1. At the hearing, when the court below inquired whether he understood the plea, Mehring stated that he did. Mehring further indicated that he

1. Bond was posted in the municipal court case on September 13, 2021.
2. The trial court later amended the conditions of bond, discontinuing the substance abuse screenings, on January 26, 2022.

Case No. 2025-P-0045

understood the potential penalties and the rights he was waiving by entering a plea of guilty. The following exchange occurred at the plea hearing:

> THE COURT: Are you entering these pleas of guilty of your own free will?
>
> MR. MEHRING: Yes, I am.
>
> THE COURT: Has anyone promised you anything other than what was discussed in court today?
>
> MR. MEHRING: No.
>
> THE COURT: Is anybody forcing or threatening you in any way to enter this plea?
>
> MR. MEHRING: No, Your Honor.
>
> THE COURT: Did your attorney go over the written plea of guilty with you . . .?
>
> MR. MEHRING: Yes, he did.
>
> THE COURT: Are you satisfied with your attorney?
>
> MR. MEHRING: Yes, Your Honor.

{¶7}   Additionally, the Written Plea of Guilty, signed by Mehring, further provided in relevant part: "7. That no promises or threats have been made to me by anyone to secure my guilty plea in this case, nor have I been coerced in any way by any person to plead guilty . . . 9. That I have received discovery in this matter, and would move to withdraw any motions previously filed on my behalf, including but not limited to a motion for a Bill of Particulars." The State did not present a factual basis for the plea. The trial court subsequently accepted Mehring's plea, found him guilty of the offenses, as charged and amended, and ordered a presentence investigation.

{¶8}   Sentencing was held on August 8, 2022.  At the hearing, Mehring's counsel stated: "[Mehring] regrets his extreme actions that night. We would indicate that he was a victim of a robbery himself that night. He was a victim of multiple assaults that night. He left the premises prior to any of this. He was followed out from the premises by a group

Case No. 2025-P-0045

of three to four girls. Three of the four girls assaulted him at that point. His friends tried to stick up for him. He didn't act rationally as far as Rikki is concerned. He was being hit multiple times." Mehring stated on his own behalf: "I feel terrible about everything that transpired that night . . . I never had any intention of anyone being harmed that night. It was just a night that got out of control."

{¶9} The trial court found that Mehring was amenable to community control sanctions. The trial court imposed a prison sentence of 6 to 18 months on each of the fourth-degree felonies and 6 months in jail on the misdemeanor assault. The trial court suspended those sentences and imposed three years of community control. As conditions of his community control, the trial court ordered an updated substance abuse assessment and a mental health assessment. Mehring was further ordered to maintain employment, complete anger management, and serve 20 days in the Portage County Jail. During sentencing, Mehring indicated he was a resident of Georgia and planned to return to Georgia. The trial court informed Mehring that he could apply to transfer his community control to Georgia after he served his time in the jail.

{¶10} Mehring did not file a direct appeal from his conviction or sentence. On October 24, 2022, Mehring filed a motion to modify his sentence and suspend the imposed jail sentence. The motion was denied on October 28, 2022. Mehring did not appeal this decision. On March 6, 2025, Mehring file a motion to terminate his probation. The motion to terminate supervised probation was granted on March 12, 2025.

{¶11} On April 28, 2025, Mehring filed a pro se petition to vacate or set aside judgment of conviction or sentence and a motion for expert assistance. In his motion to vacate, Mehring asserted that his conviction violated the Fifth and Fourth Amendments

of the U.S. Constitution and Article 1, Sections 10 and 16 of the Ohio Constitution. Mehring alleged that he was a victim of assault and was acting in self-defense. Mehring further explained that his cell phone captured part of the assault which supported his theory of self-defense. In his motion, Mehring stated "after release on bond, [he] located the discarded phone and submitted the recovered video to the prosecution. The video captures physical aggression by the alleged victims and supports self-defense theory. The state proceeded without acknowledging or investigating this evidence." Mehring alleged that despite having the video, the "prosecutor did not reconsider the charges" and that "defense counsel failed to use this evidence to challenge the case or suppress the plea."

{¶12} On May 6, 2025, the State filed its response to Mehring's motion to vacate. The State asserted that Mehring's petition should be dismissed as untimely as his petition was due on or before September 9, 2023, pursuant to R.C. 2953.21(A)(2)(a). The State further contended that the trial court could not entertain the untimely petition as it did not meet the criteria contained in R.C. 2953.23(A)(1) or (2).

{¶13} On May 9, 2025, the trial court dismissed the petition as untimely.[3] Mehring did not appeal from this decision.

{¶14} On June 24, 2025, Mehring filed a second petition for post-conviction relief, which was again premised on the State's handling of the cellphone recording that Mehring had provided "prior to sentencing" and defense counsel's failure to argue self-defense. The State again filed a motion to dismiss the successive post-conviction petition and argued that the successive petition did not meet the criteria contained in R.C.

_____

3. After the trial court dismissed the petition, Mehring filed a reply in opposition to the State's motion to dismiss wherein he asserted that he met the criteria undern R.C. 2953.23(A)(1).

Case No. 2025-P-0045

2953.23(A)(1) or (2). The trial court denied Mehring's successive petition for post-conviction relief on July 8, 2025.

{¶15} Mehring timely appeals from this entry.

## The Appeal

{¶16} On appeal, Mehring raises three assignments of error for review:

1. The trial court erred by denying Appellant's successive postconviction petition without addressing or evaluating the newly presented evidence that satisfies both prongs of R.C. 2953.23(A)(1).

2. The trial court erred by denying relief without a hearing, despite unrebutted evidence that law enforcement failed to recover material exculpatory evidence in violation of Appellant's due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963).

3. The trial court erred by failing to consider whether trial counsel rendered ineffective assistance by not informing Appellant of the exculpatory value of the witness statement, thereby rendering the plea involuntary under *Strickland v. Washington*, 466 U.S. 668 (1984).

{¶17} We address Mehring's assignments of error collectively. Mehring asserts that the trial court erred in denying his successive post-conviction petition without hearing. We disagree.

{¶18} An appellate court reviews the denial of a motion for post-conviction relief for an abuse of discretion. *State v. Mitchell,* 2019-Ohio-844, ¶ 11 (11th Dist.), citing *State v. Adams*, 2005-Ohio-348, ¶ 37 (11th Dist.). "An abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.'" *Id.* quoting *State v. Cline*, 2013-Ohio-1843, ¶ 9 (11th Dist.), citing *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting Black's Law Dictionary 11 (8th Ed.2004).

{¶19} Before considering the claims Mehring raises in his petition, we must first determine whether the trial court had jurisdiction to consider the successive petition for post-conviction relief.

{¶20} "Any person who has been convicted of a criminal offense . . . and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, . . . may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." R.C. 2953.21(A)(1)(a)(i).

{¶21} A petition under R.C.2953.21(A)(1)(a)(i) must be filed "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication . . . If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2)(a).

{¶22} As noted above, the sentencing entry was filed on August 10, 2022. Mehring's notice of appeal was due on or before September 9, 2022. Mehring did not file a direct appeal. Therefore, Mehring's post-conviction petition was due on or before September 9, 2023. Mehring filed his initial post-conviction petition on April 28, 2025. In other words, Mehring's initial petition was over 19 months late. The initial petition was dismissed as untimely. Mehring did not appeal. Instead, Mehring filed a second petition for post-conviction relief on June 24, 2025.

Case No. 2025-P-0045

{¶23} In order for a court to entertain a petition filed after the expiration of the period set for in R.C. 2953.21, or a second petition or successive petitions for similar relief on behalf of a petitioner, the petition must meet either exception provided under R.C. 2953.23(A)(1) or (2). Mehring asserts that his petition meets the criteria under R.C. 2953.23(A)(1). We disagree.

{¶24} Under R.C. 2953.23(A)(1), for the trial court to entertain a successive petition for post-conviction relief, both of the following must be met:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error *at trial,* no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted. . . .

(Emphasis added.)

{¶25} In other words, a petitioner must establish that: (1) a new federal or state right has been recognized or that he or she was unavoidably prevented from the discovery of facts upon which the successive petition for post-conviction relief is premised *and* (2) he or she would not have been convicted in the trial court by a reasonable factfinder but for the constitutional error. *State v. Miller,* 2025-Ohio-4639, ¶ 11 (11th Dist.). Because these two prongs are framed in the conjunctive, both must be met. *Id.*

{¶26} Mehring's convictions were the result of a guilty plea, therefore he cannot meet the requirements of R.C. 2953.23(A)(1)(b). *Mitchell,* 2019-Ohio-844, at ¶ 14 (11th

Case No. 2025-P-0045

Dist.), citing *State v. Pough*, 2004-Ohio-3933, ¶ 17 (11th Dist.). Further, Mehring was not unavoidably prevented from discovering the video recording. According to Mehring's petition, he was aware of the recording on his phone and that at some point during the proceedings, Mehring recovered his phone and the recording.

{¶27} In his initial petition to the trial court, Mehring indicated that the cell phone was recovered when he was released on bond by using GPS technology. According to the municipal court's publicly accessible docket, Mehring posted bond on September 13, 2021. Mehring stated in his initial petition that he provided the recording to the prosecutor who "proceeded without acknowledging or investigating this evidence." Based on Mehring's own statements in his petition, Mehring was not unavoidably prevented from discovering the evidence on which his petition relies. It appears from his petition that Mehring had possession of this evidence, if not prior to his plea, prior to sentencing. Further, defense counsel discussed Mehring being attacked and described him as a victim of robbery himself during the sentencing hearing. Mehring does not point to any evidence that he was unavoidably prevented from discovering prior to his plea or sentencing. Furthermore, Mehring does not cite to any new federal or state right that might support his petition. Because Mehring cannot satisfy both prongs under R.C. 2953.23(A)(1), the exception does not apply.[4]

{¶28} If a petitioner fails to satisfy R.C. 2953.23(A), a trial court does not have jurisdiction to adjudicate the merits of a successive post-conviction petition. *Miller* at ¶ 12,

---

4. R.C. 2953.23(A)(2) addresses DNA evidence that establishes, by clear and convincing evidence, actual innocence. Mehring also does not contend any exculpatory DNA evidence was discovered. Accordingly, that subsection does not apply to the instant matter.

Case No. 2025-P-0045

citing *State v. Apanovitch*, 2018-Ohio-4744, ¶ 36; *see State v. Noling*, 2008-Ohio-2394, ¶ 37 (11th Dist.).

{¶29} It is well established that "[a] petition for postconviction relief does not provide a petitioner a second opportunity to litigate his or her conviction." *State v. Hobbs*, 2011-Ohio-5106, ¶ 17 (11th Dist.), citing *State v. Hessler*, 2002-Ohio-3321 ¶ 23 (10th Dist.). "[T]he doctrine of '[r]es judicata applies to any claim that was raised or could have been raised in a prior petition for postconviction relief.' (Citation omitted.) *State v. Clemmons*, 2019-Ohio-2997, ¶ 25 (2d Dist.)" *Miller* at ¶ 13. Thus, res judicata operates to "'"bar raising piecemeal claims in successive postconviction relief petitions. . . ."'" *Id.*, quoting *State v. Lawson*, 2014-Ohio-3554, ¶ 53 (12th Dist.), quoting *State v. Johnson*, 2013-Ohio-1398, ¶ 47 (5th Dist.).

{¶30} Mehring did not file a direct appeal from his conviction. As a result, his claims regarding the knowing, voluntary, and intelligent nature of his plea, his theory of self-defense, contradictions in statements of victims, contents of the police reports, and the video recording from the cellphone Mehring recovered himself, are barred by res judicata.

{¶31} Additionally, Mehring previously raised trial counsel's alleged ineffectiveness in his initial post-conviction petition. Specifically, in his initial petition, he alleged that counsel "failed to use [the video recording] to challenge the case or suppress the plea." His initial petition was deemed untimely and not appealed. In his successive petition, Mehring alleges ineffective assistance of counsel for failing to demand preservation and use of the evidence or request expert testimony. Because Mehring could

Case No. 2025-P-0045

have raised these claims either in a direct appeal or in his initial post-conviction petition, these claims are also barred by res judicata.

{¶32} Because Mehring failed to satisfy R.C. 2953.23(A), the trial court was without jurisdiction to consider his successive post-conviction petition. Where a trial court is without jurisdiction to entertain the petition, "it follows that the trial court did not err in failing to conduct a hearing prior to denying the petition." *Miller* at ¶ 16, citing *Noling*, 2008-Ohio-2394, at ¶ 102 (11th Dist.). Furthermore, when a trial court dismisses an untimely [or successive petition] post-conviction petition, the trial court is not required to issue findings of fact and conclusions of law. *Mitchell*, 2017-Ohio-8440, at ¶ 40 (11th Dist.), citing *State ex rel. James v. Coyne*, 2007-Ohio-2716, ¶ 5, citing *State ex rel. Kimbrough v. Greene*, 2002-Ohio-7042, ¶ 6. ""This rule applies even when the defendant, as here, claims, under R.C. 2953.23, that he was unavoidably prevented from discovery of the facts to present his claim for post-conviction relief." [*Coyne*], quoting *State ex rel. Hach v. Summit Cty. Court of Common Pleas*, 2004-Ohio-1800, ¶ 9." *Mitchell* at ¶ 40.

{¶33} Additionally, "a trial court may also dismiss a petition for postconviction relief without holding an evidentiary hearing when the claims raised in the petition are barred by the doctrine of res judicata." *Adams*, 2005-Ohio-348, at ¶ 38 (11th Dist.). Therefore, the trial court did not err in denying Mehring's successive post-conviction petition without issuing findings of fact and conclusions of law and/or without a hearing.

{¶34} Accordingly, Mehring's assignments of error are without merit.

## Conclusion

{¶35}  For the reasons set forth above, the judgment of the Portage County Court of Common Pleas is affirmed.


EUGENE A. LUCCI, J.,

SCOTT LYNCH, J.,

concur.

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit.  It is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
JUDGE ROBERT J. PATTON

_____
JUDGE EUGENE A. LUCCI,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-P-0045